1   JEFFREY E. FAUCETTE (No. 193066)
    SKAGGS FAUCETTE LLP
2   One Embarcadero Center, Suite 500
    San Francisco, California 94111
3   Telephone:  (415) 315-1669
    Facsimile:   (415) 433-5994
4   E-mail: jeff@skaggsfaucette.com

5   Attorneys for Defendants SOTHEBY'S and
    SOTHEBY'S, INC.

6

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  STEVEN BROOKS,                          Case No.: 3:13-cv-02183-RS

13        Plaintiff,

14  v.                                      **NOTICE OF MOTION AND MOTION
                                            TO DISMISS COMPLAINT BY
15  SOTHEBY'S, SOTHEBY'S, INC., and DOES    DEFENDANTS SOTHEBY'S AND
    1 through 10, inclusive,                SOTHEBY'S, INC.**
16
          Defendants.                       **(FRCP 12(b)(3))**
17
                                            Date:       June 27, 2013
18                                          Time:       1:30 p.m.
                                            Location:   Courtroom #3, 17th Floor
19                                          Judge:      Honorable Richard Seeborg

20

21

22

23

24

25

26

27

28

SKAGGS
FAUCETTE LLP

NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 27, 2013, at 1:30 p.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Sotheby's and Sotheby's, Inc. will, and hereby do, move this Court to dismiss the Complaint brought by Steven Brooks in its entirety and each and every claim contained therein pursuant to Federal Rule of Civil Procedure 12(b)(3).  Defendants move to dismiss all of Brooks' claims pursuant to a mandatory forum selection clause requiring that these claims be brought in the Courts of England.

This Motion is based on the pleadings; this Notice of Motion and Motion; the Memorandum of Points and Authorities following herein, the Declaration of Claudia Lisette Aguilar, the Request for Judicial Notice in Support of Defendants' Motion to Dismiss, and such other and further papers and argument as may be submitted to the Court in connection with this motion.

MEMORANDUM OF POINTS AND AUTHORITIES

I.      INTRODUCTION

In 2004, Plaintiff Steven Brooks purchased a painting at an auction in London, England, conducted by Sotheby's, a registered company in England and Wales ("Sotheby's London").  Brooks made his bid in this auction subject to the Conditions of Business set forth in the Sotheby's London catalogue that accompanied the auction.  In the Conditions of Business, Brooks and Sotheby's London agreed that "the Courts of England are to have *exclusive jurisdiction* to settle *all disputes* arising in connection with *all aspects of all matters or transactions* to which these Conditions of Business relate or apply" (emphasis added).

Despite this unambiguous forum selection clause, Brooks filed this lawsuit in the Superior

SKAGGS
FAUCETTE LLP

DEFENDANTS' MOTION TO DISMISS                                    CASE NO.: 3:13-cv-02183-RS

Court for the County of San Francisco.[1]  Venue in this Court is improper pursuant to the mandatory forum selection clause Brooks accepted in Sotheby's London's Conditions of Business. Improper venue is grounds for dismissal under Federal Rule of Civil Procedure 12(b)(3).  Section III.A., *infra*.  Brooks' claims all arise out of his purchase of the painting at the auction in London and thus are all subject to the forum selection clause.  Section III.B., *infra*.  The forum selection is valid and enforceable pursuant to Supreme Court and Ninth Circuit authorities.  Section III.C., *infra*.  As a result, this Court should exercise its discretion to dismiss the complaint pursuant to 28 U.S.C. section 1406(a).  Section III.D., *infra*.

II.     STATEMENT OF FACTS

On July 8, 2004, Brooks participated in an auction conducted by Sotheby's London in London, and Brooks submitted his absentee bid.  First Amended Complaint for (1) Violation of the Consumer Legal Remedies Act; (2) Violation of the Unfair Competition Law; (3) Unjust Enrichment; (4) Fraudulent Concealment; and (5) Negligent Misrepresentation (attached as Exhibit B to the Notice of Removal) ("FAC") ¶4.  During this auction in London, Brooks purchased a painting known as "Allegorical portrait of a lady as Diane, wounded by Cupid" by the artist Louis Michel van Loo for approximately $96,000.  *Id.* ¶¶4, 10.

Brooks alleges that he learned six years later that at one time Hermann Goering had owned the painting and that he had acquired it on August 23, 1939 from an art dealer.  *Id.* ¶¶5-8.  Brooks alleges that as a result of this fact, he cannot sell the painting and that Sotheby's London should accept a return of the painting and refund the purchase price to him.  *Id.*  Sotheby's London

---

[1] Defendant Sotheby's, Inc. subsequently filed a notice of removal removing this case to this Court on the grounds of diversity without conceding that venue is proper in this Court.

[2] *See also* Request for Judicial Notice in Support of Defendants' Motion to Dismiss, Ex. 1 (a transcript of a decision by Judge Denise L. Cote in *Singer v. Sotheby's*, Case No. 95 Civ. 3870 DLC (S.D.N.Y. April 5, 1996)).  In *Singer*, the court granted a motion to dismiss for improper venue and/or *forum non conveniens* based on a forum selection clause contained in the then-operative Conditions of Business utilized by Sotheby's London.

[3] Based on prior correspondence, we anticipate that Brooks may argue that the Conditions of Business should be treated as a contract of adhesion and that such treatment would make the

SKAGGS
FAUCETTE LLP

DEFENDANTS' MOTION TO DISMISS                                    CASE NO.: 3:13-cv-02183-RS

1  declined Brooks' request for to return the painting for a refund.  *Id.*

2       Prior to the auction on July 8, 2004, Sotheby's London prepared and distributed a

3  catalogue listing the artworks that were being offered for sale during the auction.  Declaration of

4  Claudia Lisette Aguilar ("Aguilar Decl.") ¶2 & Ex. A.  The painting purchased by Brooks

5  appeared on page 243 of the catalogue.  The Conditions of Business governing the auction

6  appeared on pages 278-80 of the catalogue.  *Id.*  The Conditions of Business state that "[t]he

7  nature of the relationship between Sotheby's, Sellers and Bidders and the terms on which

8  Sotheby's (as auctioneer) and Sellers contract with Bidders are set out below."  Aguilar Decl. Ex.

9  A at 278.  Section 13 of the Conditions of Business is headed "Law and Jurisdiction," and it states

10  in part that  "[f]or the benefit of Sotheby's, all Bidders and Sellers agree that the Courts of

11  England are to have exclusive jurisdiction to settle all disputes arising in connection with all

12  aspects of all matters or transaction to which these Conditions of Business relate or apply."  *Id.* at

13  280.

14       After Brooks successfully bid on the painting, Sotheby's London prepared and sent to

15  Brooks an invoice reflecting his purchase of the painting.  Aguilar Decl. ¶4 & Ex. B.  This invoice

16  also referenced the Conditions of Business from the catalogue for the auction.  *Id.*

17       This transaction was far from the first time Brooks participated in an auction held by

18  Sotheby's London.  *See* Aguilar Decl. ¶6.  The business records of Sotheby's London indicate that

19  Brooks made 31 purchases from auctions at Sotheby's London salerooms in England prior to July

20  8, 2004 and four purchases after July 8, 2004 (not including the painting at issue in this case).  *Id.*

21  All of these auctions were conducted pursuant to the Conditions of Business governing those

22  auctions and contained in the catalogues for those auctions.  *Id.*

23

24  III.    ARGUMENT

25      A.    Forum Selection Clauses Provide Grounds For Dismissal Pursuant To FRCP
             12(b)(3)

26

27       Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a

28



DEFENDANTS' MOTION TO DISMISS                CASE NO.: 3:13-cv-02183-RS

complaint for improper venue.  Generally, courts look to 28 U.S.C. section 1391 to determine whether venue is proper, but even if venue is proper under section 1391, a defendant may move to dismiss on the basis of a forum selection clause calling for venue in another district or foreign court.  *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  As this Court has held, "forum selection clauses are to be enforced unless they violate fundamental fairness or are the result of fraud or overreaching."  *Marin v. Xerox Corp.*, 2013 WL 1305737, *3 (N.D. Cal. March 11, 2013) (Seeborg, J.) (citing *The Bremen v. Zapata Offshore Co.*, 407 U.S. 1 (1972); *Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991)).  A valid forum selection clause may both bind and be enforceable by the contracting parties as well as others whose conduct is "so closely related to the contractual relationship" that they "should benefit from and be subject to" the clause. *See Manetti Farrow v. Gucci America*, 858 F.2d 509, 514 n.5 (9th Cir. 1988).  When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings.  *Banco Mexicano*, 87 F.3d at 324.  Once the defendant has challenged the propriety of venue in a given court, the burden shifts to the plaintiff to demonstrate that venue is proper.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  Pursuant to 28 U.S.C. section 1406(a), if the Court determines that venue is improper, the Court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought.  Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court (if one is available), is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

      B.      **Brooks' Claims Are Covered By The Mandatory Forum Selection Clause In Sotheby's London's Conditions Of Business**

In the First Amended Complaint, Brooks alleges that he purchased the painting known as "Allegorical portrait of a lady as Diana, wounded by Cupid" by the artist Louis Michel van Loo from an auction conducted by Sotheby's in London on July 8, 2004.  As a Bidder in this auction, Brooks agreed to the Conditions of Business imposed by Sotheby's London and contained in the

1  auction catalogue.  *See* Aguilar Decl. ¶2 & Ex. A.  The Conditions of Business contain an

2  unambiguous forum selection clause mandating that the Courts of England have exclusive

3  jurisdiction for "all disputes arising in connection" with the auction.  *Id.*

4      Brooks now claims that Sotheby's deceived him regarding the provenance of the painting

5  and concealed from him the fact that Hermann Goering once owned the painting.  Based on these

6  allegations, Brooks has asserted claims for violation of the California Consumer Legal Remedies

7  Act, unfair competition in violation of California Business and Professions Code section 17200,

8  unjust enrichment, fraudulent concealment, and negligent misrepresentation.  All of these claims

9  are "disputes arising in connection" with Brooks' purchase of the painting at the auction governed

10 by the Conditions of Business.  Brooks cannot seriously argue that the Conditions of Business and

11 the forum selection clause do not cover these claims.  *See AJZN, Inc. v. Yu*, 2013 WL 97916, *3-

12 *4 (N.D. Cal. January 7, 2013) (holding that eight different causes of action under federal and

13 California law (including claims for fraud and unfair competition under Section 17200) were all

14 governed by a forum selection clause in a Warrant Agreement).[2]

15     C.     The Forum Selection Clause In Sotheby's Conditions Of Business Should Be
16            Enforced

17     In *The Bremen v. Zapata Offshore Co.*, 407 U.S. 1 (1972), the Supreme Court held that

18 forum selection clauses in international agreements are prima facie valid and should be enforced

19 unless the party challenging enforcement can demonstrate that it is "unreasonable under the

20 circumstances."  *Id.* at 10.  A forum selection clause is unreasonable if (1) its incorporation into

21 the contract was the result of "fraud, undue influence, or overweening bargaining power," (*The

22 Bremen*, 407 U.S. at 12-13); (2) the selected forum is so "gravely difficult and inconvenient" that

23 the complaining party will "for all practical purposes be deprived of its day in court," (*id.* at 18);

24

25 [2] *See also* Request for Judicial Notice in Support of Defendants' Motion to Dismiss, Ex. 1 (a
   transcript of a decision by Judge Denise L. Cote in *Singer v. Sotheby's*, Case No. 95 Civ. 3870
26 DLC (S.D.N.Y. April 5, 1996)).  In *Singer*, the court granted a motion to dismiss for improper
   venue and/or *forum non conveniens* based on a forum selection clause contained in the then-
27 operative Conditions of Business utilized by Sotheby's London.

28

SKAGGS
FAUCETTE LLP

DEFENDANTS' MOTION TO DISMISS                    CASE NO.: 3:13-cv-02183-RS

or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *Id.* at 15.  To establish the unreasonableness of a forum selection clause, the complaining party has the "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984).

*The Bremen* case involved a "far from routine transaction between companies of two different nations contemplating the tow of an extremely costly piece of equipment from Louisiana across the Gulf of Mexico and the Atlantic Ocean, through the Mediterranean Sea to its final destination in the Adriatic Sea." *Id.* at 13.  Those facts might have suggested that it was reasonable for the Court to expect that the forum selection clause was the subject of negotiation and that the parties had taken care in selecting the forum.  By contrast, in *Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991), the Supreme Court addressed the enforceability of a forum selection clause that was contained in three pages of fine print as part of the terms and conditions governing tickets to travel on a 7-day cruise from Los Angeles to Puerto Vallarta, Mexico and back.  There, the Ninth Circuit had refused to enforce the forum selection clause because it "was not freely bargained for" like the one in *The Bremen*.  *Carnival Cruise Lines v. Shute*, 897 F.2d 377, 389 (9th Cir. 1990), *rev'd*, 499 U.S. 585 (1991).  The Supreme Court noted that the "passage contract was purely routine and doubtless nearly identical to every commercial passage contract issued by petitioner and most other cruise lines," and that "[c]ommon sense dictates that a ticket of this kind will be a form contract the terms of which are not subject to negotiation, and that an individual purchasing the ticket will not have bargaining parity with the cruise line." 499 U.S. at 593.  This factual context led the Court to "refine the analysis of *The Bremen* to account for the realities of form … contracts." *Id.*

In making these refinements, the Court found that including a "nonnegotiated forum-selection clause" in a form contract "well may be permissible for several reasons . . . ." *Id.*  A contracting party may have a "special interest in limiting the fora in which it potentially could be subject to suit," such provisions dispel "any confusion about where suits . . . must be brought and

DEFENDANTS' MOTION TO DISMISS                                        CASE NO.: 3:13-cv-02183-RS

defended" thereby conserving resources of both the litigants and the courts, and counterparties in such situations likely benefit from reduced transaction costs by virtue of the party's ability to "limit[] the fora in which it may be sued." *Id.* at 593-94.

In light of these precedents, the forum selection clause at issue here should be held valid and enforceable.  First, no fraud, undue influence or overweening bargaining power resulted in the inclusion of the forum selection clause in the Conditions of Business.  These Conditions of Business were distributed to Sellers and Bidders prior to the auction and Brooks voluntarily chose to bid on the painting in an auction governed by these Conditions of Business.  Brooks has admitted that the auction was conducted in London and that he placed his bid remotely.  FAC ¶4. It cannot come as a surprise to Brooks that Sotheby's London requires disputes arising from auctions conducted in London to be resolved in the Courts of England.

Second, it is not gravely difficult or inconvenient for Brooks to seek to enforce his claims in the Courts of England.  To the extent Brooks believes that Sotheby's defrauded him or concealed some material fact regarding the provenance of the painting then he is free to pursue that claim in the Courts of England.  Given that Brooks paid over $96,000 for the painting in 2004, it seems highly likely that he is capable of pursuing his claims in the agreed upon forum.

Third, enforcement of the forum selection clause will not contravene some important public policy of the state of California.  As Brooks concedes, the auction at issue was conducted in London, and all bidders and sellers agreed in advance that English law would govern the auction and that the Courts of England would settle any disputes.  It is difficult to see how enforcement of such an agreement could contravene some public policy of California.[3]

---

[3] Based on prior correspondence, we anticipate that Brooks may argue that the Conditions of Business should be treated as a contract of adhesion and that such treatment would make the forum selection clause unenforceable.  This anticipated argument is unavailing.  Both the Supreme Court and the Ninth Circuit have enforced forum selection clauses and/or closely related arbitration clauses contained in contracts of adhesion.  *E.g. Fireman's Fund Ins. Co. v. MV DSR Atlantic*, 131 F.3d 1336, 1338-39 (9th Cir. 1997) (holding that *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528 (1995), compels enforcement of a foreign forum selection clause contained in a contract of adhesion, i.e. a standard form bill of lading).

DEFENDANTS' MOTION TO DISMISS

CASE NO.: 3:13-cv-02183-RS

SKAGGS
FAUCETTE LLP

1    To the extent Brooks disagrees and seeks to set aside the forum selection clause on one of

2 the foregoing grounds, he bears the burden of establishing that one or more prongs of the test in

3 *The Bremen* is satisfied.  *Banco Mexicano*, 87 F.3d at 325.  Additionally, the forum selection

4 clause at issue here is mandatory rather than permissive because it states that "the Courts of

5 England are to have *exclusive* jurisdiction . . . ."  Aguilar Decl. Ex. A (emphasis added).  Thus,

6 this forum selection clause "is to be strictly enforced."  *See Hsu v. OZ Optics Ltd.*, 211 F.R.D.

7 615, 618 (N.D. Cal. 2002) (distinguishing between permissive and mandatory forum selection

8 clauses).

9

10    D.    Brooks' Complaint Should Be Dismissed Pursuant To 28 U.S.C. section 1406(a)

11    Once a court has determined that venue is improper due to a forum selection clause, the

12 court generally has two options: (1) dismiss the action, or (2) transfer it to a court in the proper

13 venue.  Where, however, the proper venue under a forum selection clause is located in a foreign

14 country, there is only one option because federal courts lack the authority to transfer an action to a

15 foreign country and therefore must dismiss the case for improper venue.  *See SeeComm Network*

16 *Servs. Corp. v. COLT Telecommunications*, 2004 WL 1960174, *2 (N.D. Cal. Sept. 3, 2004).

17 Here, the forum selection clause requires that Brooks' claims be resolved in the Courts of

18 England, therefore the Court must dismiss the complaint.

19

20 III.    CONCLUSION

21    For all of the foregoing reasons, the Court should grant Defendants' motion to dismiss for

22 improper venue.

23 Dated: May 20, 2013          SKAGGS FAUCETTE LLP

24

25

26 By:        /s/
                Jeffrey E. Faucette

27 Attorneys for Defendants SOTHEBY'S and
SOTHEBY'S, INC.

28



DEFENDANTS' MOTION TO DISMISS              CASE NO.: 3:13-cv-02183-RS